IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

LaJoyce Riley,                  )
                                )
            Plaintiff,          )
                                )   Case No. 16-0188-CV-W-FJG
v.                              )
                                )
City of Kansas City, Missouri,  )
                                )
            Defendant.          )

## ORDER

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 4).

**I.   Background**

Plaintiff LaJoyce Riley brings a three-count complaint against the city of Kansas City, Missouri. Count one alleges race based hostile work environment. Count two alleges 42 U.S.C. § 1983 retaliation. Count three alleges 42 U.S.C. § 1983 violation of the right to freedom of association, due process of law and equal protection under the First and Fourteenth amendments of the U.S. Constitution. Plaintiff alleges that she is an African American woman employed with the City of Kansas City, Water Services Department. In 2009, plaintiff alleges she began receiving threatening messages at work through the mail, telling her to find a new job. Plaintiff alleges that she reported these instances to her immediate supervisor, who forwarded them to human resources. Plaintiff alleges that human resources did not follow up with her. Plaintiff further alleges a co-worker subjected her to racial insults, which plaintiff again reported to her immediate supervisor, who allegedly ignored plaintiff's complaints. Plaintiff alleges that when human resources (through Lisa Barry) later investigated the harassing mail, Barry recommended that Riley

be reprimanded. Plaintiff also alleges that her immediate supervisor in 2011, Greg Queen, thereafter reprimanded and/or suspended plaintiff and other African American co-workers following this investigation. Plaintiff alleges she was reprimanded for talking with her co-workers about alleged discrimination, and she and other African American co-workers were banned from speaking in the workplace. Plaintiff alleges that when she appealed through the grievance process, Queen added more violations, and her reprimand was upheld on appeal. Plaintiff alleges she felt unsafe at work, and therefore took time off and would leave early.

## II. Standard

When ruling a motion to dismiss, the court must accept plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff. Patterson Oil Co. v. VeriFone, Inc., No. 2:15-cv-4089, 2015 U.S. Dist. LEXIS 141635, at *9 (W.D. Mo. Oct. 19, 2015) (citing Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007)). In order for a claim to survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009). A plaintiff must plead facts which support the prima facie elements of the claims asserted in order to avoid dismissal under Rule 12(b)(6). Parker v. Dir. of Mental Health, No. 04-0599, 2005 U.S. Dist. LEXIS 33515, *6 (W.D. Mo. Apr. 20, 2005).

## III.     Discussion

Defendant moves to dismiss, arguing that plaintiff's claims all are brought pursuant to 42 U.S.C. § 1983 and plaintiff has failed to allege that she was harmed by a custom, policy, or practice of the defendant. Plaintiff responds that her Complaint pled sufficient facts which demonstrate a custom and also that the municipality's policy as applied was unconstitutional.

To plead a hostile work environment claim "a plaintiff must show (1) he or she belonged to a protected group; (2) he or she was subjected to unwelcome harassment; (3) the harassment was based upon race; (4) the harassment affected a term, condition, or privilege of his or her employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action." Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 925 (8th Cir. 2011). Moreover, in order to avoid dismissal in a Section 1983 case against a municipal corporation, plaintiff must also "plead facts demonstrating that the defendants violated a constitutional right either pursuant to official municipal policy or as part of a custom or usage with the force of law." Kelly v. City of Omaha, 813 F.3d 1070, 1073 (8th Cir. 2016). "Misconduct among a municipality's employees must be continuing, widespread, and persistent to establish such a custom…. the municipality will not be liable unless policymaking officials exhibit deliberate indifference to or tacit authorization of such conduct after notice to the officials of that misconduct." Id. at 1073. "A municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under 42 U.S.C.S. § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 660 (1978). "There must be a causal connection between the municipal policy or custom and the alleged constitutional deprivation in order to state a valid claim under § 1983." Ulrich v.

3

Pope County, 715 F.3d 1054, 1061 (8th Cir. 2013) (citing City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)).

The Court finds that plaintiff has not alleged a custom or policy of the only defendant, a municipality, which resulted in the deprivation of her rights or privileges protected by the constitution; instead, plaintiff alleges that individual employees took action or failed to take action at certain points which violated her rights. Simply stating that an employee committed an act that violated her rights is not enough. Instead, plaintiff must plead a causal connection between a municipal policy or custom and the alleged constitutional deprivation. Plaintiff has not pled facts showing how the actions of defendant's employees are linked to a violation of the plaintiff's rights by defendant. Merely alleging specific employees violated one's rights under a respondeat superior theory does not make a municipality liable under Section 1983. Monell, 436 U.S. at 660.

In plaintiff's suggestions in opposition to the motion to dismiss, plaintiff introduces new information from the City Charter regarding the city's Human Resources Department. Plaintiff also argues that "[d]efendant through its agents in human resources and specifically Greg Queen and Lisa Barry tacitly authorized the offensive acts specified in Plaintiff's complaint by failing to take remedial action after notice of racial animus towards the Plaintiff and the other African-American employees." Doc. No. 7, p. 4. As noted by defendant in reply, however, the plaintiff cannot amend her pleading through the filing of suggestions in opposition to a motion to dismiss. See Bishop v. Jesson, No. 14-1898, 2016 U.S. Dist. LEXIS 31142, *62-63 (D. Minn. Feb. 12, 2016) (noting plaintiff cannot amend his pleadings through an argument in a brief).

Although plaintiff's original complaint must be dismissed for the reasons stated by defendant, the Court believes that plaintiff may be able to plead facts sufficient to state a

4

claim. Therefore, the Court will grant defendant's motion to dismiss, but will allow plaintiff leave to file an amended complaint.

IV. Conclusion

Therefore, for the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 4) is **GRANTED**. Plaintiff's original complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff is granted leave to file an amended complaint on or before **AUGUST 24, 2016.** In the event plaintiff fails to file an amended complaint on or before August 24, 2016, this action will be deemed dismissed with prejudice.

**IT IS SO ORDERED**.

Date: August 3, 2016  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge