IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LaJoyce Riley, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16-0188-CV-W-FJG |
| v. | ) |
| | ) |
| City of Kansas City, Missouri, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 22).

**I.   Background**

Plaintiff LaJoyce Riley brought a three-count complaint against the city of Kansas City, Missouri. Doc. No. 1, filed on March 3, 2016.  Count one alleged race-based hostile work environment. Count two alleged 42 U.S.C. § 1983 retaliation. Count three alleged 42 U.S.C. § 1983 violation of the right to freedom of association, due process of law and equal protection under the First and Fourteenth amendments of the U.S. Constitution. Plaintiff alleges that she is an African American woman employed with the City of Kansas City, Water Services Department. In 2009, plaintiff alleges she began receiving threatening messages at work through the mail, telling her to find a new job. Plaintiff alleges that she reported these instances to her immediate supervisor, who forwarded them to human resources.  Plaintiff alleges that human resources did not follow up with her.  Plaintiff further alleges a co-worker subjected her to racial insults, which plaintiff again reported to her immediate supervisor, who allegedly ignored plaintiff's complaints. Plaintiff alleges that when human resources (through Lisa Barry) later investigated the

harassing mail, Barry recommended that Riley be reprimanded.  Plaintiff also alleges that her immediate supervisor in 2011, Greg Queen, thereafter reprimanded and/or suspended plaintiff and other African American co-workers following this investigation.  Plaintiff alleges she was reprimanded for talking with her co-workers about alleged discrimination, and she and other African American co-workers were banned from speaking in the workplace. Plaintiff alleges that when she appealed through the grievance process, Queen added more violations, and her reprimand was upheld on appeal.  Plaintiff alleges she felt unsafe at work, and therefore took time off and would leave early.

On August 3, 2016, the Court granted defendant's motion to dismiss the complaint. See Order, Doc. No. 16.  The Court found that all plaintiff's claims were brought pursuant to Section 1983, and that plaintiff had failed to allege that she was harmed by a custom, policy, or practice of the defendant.  The Court, however, found that it was possible that plaintiff could file an amended complaint asserting a custom, policy, or practice of the defendant, and allowed plaintiff to file an amended complaint.  She filed her amended complaint on August 24, 2016, asserting the same three causes of action as the original complaint.

Defendant again filed a motion to dismiss (Doc. No. 22, filed on September 21, 2016).  Defendant asserts that plaintiff has still failed to plead a causal connection between a municipal policy or custom and her injuries.

## II.     Standard

When ruling a motion to dismiss, the court must accept plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff. Patterson Oil Co. v. VeriFone, Inc., No. 2:15-cv-4089, 2015 U.S. Dist. LEXIS 141635, at *9 (W.D. Mo. Oct. 19, 2015) (citing Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008)). A

2
Case 4:16-cv-00188-FJG   Document 28   Filed 12/01/16   Page 2 of 5

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007)). In order for a claim to survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."' Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009). A plaintiff must plead facts which support the prima facie elements of the claims asserted in order to avoid dismissal under Rule 12(b)(6). Parker v. Dir. of Mental Health, No. 04-0599, 2005 U.S. Dist. LEXIS 33515, *6 (W.D. Mo. Apr. 20, 2005).

### III. Discussion

Defendant moves to dismiss, arguing that plaintiff's claims all are brought pursuant to 42 U.S.C. § 1983 and plaintiff has failed to allege that she was harmed by a custom, policy, or practice of the defendant. Plaintiff again responds that her Complaint pled sufficient facts which demonstrate a custom of indifference to her complaints.

To plead a hostile work environment claim "a plaintiff must show (1) he or she belonged to a protected group; (2) he or she was subjected to unwelcome harassment; (3) the harassment was based upon race; (4) the harassment affected a term, condition, or privilege of his or her employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action." Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 925 (8th Cir. 2011). Moreover, in order to avoid dismissal in a Section 1983 case against a municipal corporation, plaintiff must also "plead facts demonstrating that the defendants violated a constitutional right either pursuant to official

municipal policy or as part of a custom or usage with the force of law." Kelly v. City of Omaha, 813 F.3d 1070, 1073 (8th Cir. 2016). "Misconduct among a municipality's employees must be continuing, widespread, and persistent to establish such a custom…. the municipality will not be liable unless policymaking officials exhibit deliberate indifference to or tacit authorization of such conduct after notice to the officials of that misconduct." Id. at 1073. "A municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under 42 U.S.C.S. § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 660 (1978). "There must be a causal connection between the municipal policy or custom and the alleged constitutional deprivation in order to state a valid claim under § 1983." Ulrich v. Pope County, 715 F.3d 1054, 1061 (8th Cir. 2013) (citing City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)).

Again, the Court finds that plaintiff has not alleged a custom or policy of the only defendant, a municipality, which resulted in the deprivation of her rights or privileges protected by the constitution. With respect to policy, the plaintiff has pointed to no specific policy of the defendant that violates the constitution, nor does she plausibly allege that the specific individuals mentioned in her amended complaint were given policy-making authority. Furthermore, plaintiff has asserted that a Charter provision giving the Human Resources Director the ability to establish city-wide rules for classified service means that the Director of the City's Water Department has given permission to Mr. Queen and other Water department employees to perform the alleged powers or duties of the director of Human Resources. See Amended Complaint, ¶¶ 29-30. As noted by defendant, however, this argument is not plausible because the Human Resources Director's ability to establish City-wide rules for classified service is not the same as the ability to authorize others to

4

exercise the director's powers and duties.

In addition, with respect to a custom or usage, plaintiff has pled nothing more than conclusory allegations that the conduct of Mr. Queen or Ms. Barry was "so pervasive . . . as to constitute a custom or usage [of the municipality] with the force of law." Crawford v. Van Buren Cnty., 678 F.3d 666, 669 (8th Cir. 2012). Plaintiff has only pled mistreatment of herself and a few other co-workers within the Water Services Department, which is insufficient to show a pervasive custom of the municipality. Moreover, plaintiff has only pled conclusory statements that policymakers had notice of or otherwise authorized misconduct. Therefore, the Court finds that the amended complaint has provided nothing more than a re-packaging of allegations that Queen or Barry violated plaintiff's rights, and therefore the City should be liable under a respondeat superior theory, which is impermissible under Section 1983. Monell, 436 U.S. at 660.

Given that the Court has already allowed plaintiff one opportunity to file an amended complaint, the Court finds that defendant's motion to dismiss should be granted with prejudice.

## IV. Conclusion

Therefore, for the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 22) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

Date: December 1, 2016  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge